UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CACHET FINANCIAL SERVICES,<br>  Plaintiff,<br>v.<br>C&J ASSOCIATES, INC., et al.,<br>  Defendants. | Case No. 5:16-cv-06862-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CACHET'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Dkt. No. 258 |

Plaintiff-in-Interpleader Cachet Financial Services ("Cachet") seeks reimbursement of its attorneys' fees and costs. Dkt. No. 258. Specifically, Cachet seeks $170,455.17 in attorneys' fees[1] and $17,493.74 in costs for a total of $187,948.91. Defendant and counterclaimant Pacific Diversified Insurance Services, Inc. ("Pacific") filed an opposition. Dkt. No. 261. Pacific contends that (1) Cachet is not a disinterested stakeholder, (2) the amount Cachet seeks is excessive and (3) Cachet has not adequately documented its request. *Id.* Cachet filed a reply. Dkt. No. 277. By order dated July 15, 2020, the Court directed Cachet to submit its billing records for *in camera* review. Dkt. No. 280. The Court finds it appropriate to take the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b) and General Order 72-5. For the reasons stated below, the Court will grant in part and deny in part Cachet's motion.

**I.   Background**

Cachet initiated this interpleader action to resolve conflicting claims to $1,886,546.43 (the "Interpleaded Funds"). Cachet is a third party Automated Clearing House ("ACH") service

---

[1] Cachet does not seek fees incurred in connection with its summary judgment motion.

Case No.: 5:16-cv-06862-EJD
ORDER GRANTING IN PART AND DENYING IN PART CACHET'S MOTION FOR ATTORNEYS' FEES AND COSTS
1

1   provider that processes payroll and related electronic funds transfers ("EFT") transactions to the
2   payroll industry. The Interpleaded Funds came into Cachet's possession as a result of its
3   contractual relationship with Pinnacle Workforce Solutions ("Pinnacle"). Cachet debited and
4   credited funds at Pinnacle's direction.

5         In late 2016, Cachet determined that there were insufficient funds to complete the payroll
6   transfers directed by Pinnacle. When Pinnacle failed to cure the deficiency and ceased all
7   communication with Cachet, Cachet froze Pinnacle's funds and alerted the authorities. Upon
8   further investigation, Cachet concluded that Pinnacle had been engaging in fraud.

9         Cachet initiated this suit in November of 2016 naming as defendants Pinnacle and each of
10  Pinnacle's approximately 81 customers with potential claims to the Interpleaded Funds. Many
11  potential claimants notified Cachet's counsel that they did not want to be involved in this action
12  and disclaimed any interest in the Interpleaded Funds; those potential claimants have been
13  dismissed. With interest, the Interpleaded Funds now total approximately $1,978,849.86.

## II.   Standards

Title 28 United States Code section 2361 provides that "in any civil action of interpleader," the district court "shall hear and determine the case, and may discharge the plaintiff from further liability. . . and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. Under this provision, courts have allowed attorneys' fees to the interpleading plaintiff. *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962). "The reasons are that the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation [citation] and that the plaintiff should not have to pay attorney fees in order to guard himself against the harassment of multiple litigation." *Id*. Thus, the plaintiff "should be awarded attorney fees for the services of his attorneys interpleading." *Id*. at 194.

The test for awarding fees in an interpleader action is "less rigorous" than the test used in other contexts. *Fidelity Nat. Title Co. v. U.S. Small Business Admin.*, No. 13-2030 KJM, 2014

Case No.: 5:16-cv-06862-EJD
ORDER GRANTING IN PART AND DENYING IN PART CACHET'S MOTION FOR ATTORNEYS' FEES AND COSTS

2

WL 6390275, at *4 (E.D. Cal. Nov. 13, 2014). An award of attorneys' fees is usually appropriate when: (1) the party seeking the fees is a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought discharge from liability. *Id*. "[I]f there is a contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund, the court may not, in the absence of special circumstances, award attorney fees for the services of his attorneys in connection with such contest." *Schirmer*, 306 F.2d at 194. The amount of fees to be awarded to a plaintiff in interpleader is "committed to the sound discretion of the district court." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 *as amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000) (citing *Schirmer*, 306 F.2d at 194). "Examples of compensable fees include for preparation of a complaint, for service of process on the claimants, and for preparing an order for discharge and dismissal." *Fidelity Nat. Title Co*, 2014 WL 6390275, at *4 (citing *Tise* at 426-27).

### III. Discussion

As the plaintiff in this interpleader action, Cachet is entitled to an award of attorneys' fees. *Schirmer*, 306 F.2d at 194. The test for awarding fees to Cachet is also satisfied, notwithstanding Pacific's arguments to the contrary: Cachet initiated suit as a disinterested stakeholder as to $1,050,761.60, conceded it has no claim to this amount and deposited additional funds in accordance with the Court's order. Furthermore, soon after initiating the lawsuit Cachet researched, located and nominated Hon. Richard Flier as Special Master, and he was appointed by this Court to oversee distribution of the Interpleaded Funds. Cachet's initiative in securing the services of the Special Master benefited the claimants. On July 1, 2020, the Court discharged Cachet from liability as to the Interpleaded Funds. Dkt. No. 265.

Although Cachet is entitled to attorneys' fees, the Court finds that the requested amount is excessive for two reasons. First, the fee request is excessive in that it includes fees expended in connection with Cachet's bankruptcy. Dkt. No. 258-2, ¶ 13. An award of fees in an interpleader

Case No.: 5:16-cv-06862-EJD
ORDER GRANTING IN PART AND DENYING IN PART CACHET'S MOTION FOR ATTORNEYS' FEES AND COSTS

3

action "are 'properly limited' to those 'incurred in filing the action and pursuing the [stakeholder's] release from liability.'" *Fidelity Nat. Title Co.*, 2014 WL 6390275, at *4 (quoting *Tise*, 234 F.3d at 426). The bankruptcy fees ($9,598.50) and costs ($1,891.95) will therefore be deducted from Cachet's request.

Second, as Pacific points out, at the outset of the case, Cachet asserted it was entitled to an offset to recover its losses caused by Pinnacle's fraud. Pacific and others objected and the Court directed Cachet to deposit the amount Cachet had withheld as an offset, $835,748.83. Dkt. No. 181. Cachet is not entitled to recover any attorneys' fees incurred in connection with the contested offset issue. *See Fidelity Nat. Title Co.*, 2014 WL 6390275, at *4 (citing *Hoover, Inc. v. McCullough Indus., Inc.*, 351 F. Supp. 1023, 1031 (D. Ala. 1972) (limiting the fee award in light of a contest between the interpleader plaintiff and the claimants over the correctness of the amount deposited in an interpleader action)). The Court, however, rejects Pacific's argument that Cachet is not entitled to any fees whatsoever. Cachet made the initial deposit of $1,050,761.60 as a disinterested stakeholder, and Cachet had a reasonable basis for asserting the offset for $835,748.83 because it had been victimized by Pinnacle along with all of Pinnacle's customers.

To account for the fees incurred in connection with the contested offset issue, the Court will reduce Cachet's non-bankruptcy fee request by 20%, i.e. $32,171.33. (The fee request of $170,455.17 minus the bankruptcy fees of $9,598.50 equals $160,856.67, and this amount multiplied by .20 equals $32,171.33).

## IV. Conclusion

For the reasons set forth above, Cachet's motion is granted in part and denied in part. Cachet is awarded $128,685.34 in attorneys' fees and $15,601.79 in costs.

**IT IS SO ORDERED.**

Dated: August 4, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06862-EJD
ORDER GRANTING IN PART AND DENYING IN PART CACHET'S MOTION FOR ATTORNEYS' FEES AND COSTS
4